**PRIORITY SEND**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.   EDCV 12-00571 VAP (SPx)                    Date:  April 20, 2012

Title:   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR J.P.MORGAN MORTGAGE ACQUISITION CORP. 2005-WMC1, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-WMC1 -v- LOURDES VEGA; AND DOES 1 TO 20, INCLUSIVE

=================================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

PROCEEDINGS:   MINUTE ORDER: (1) REMANDING ACTION TO THE CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF SAN BERNARDINO; AND (2) DECLINING TO REACH DEFENDANT'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER (IN CHAMBERS)

On February 17, 2012, Plaintiff U.S. National Bank N.A., as Trustee for J.P.Morgan Mortgage Acquisition Corp. 2005-WMC1, Asset Backed Pass-through Certificates, Series 2005-WMC1 ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendant Lourdes Vega ("Defendant") in the Superior Court of California, County of San Bernardino.  (Not. of Removal at 25.)  On April 17, 2012, Defendant removed the action on the basis diversity jurisdiction, 28 U.S.C.

EDCV 12-00571 VAP (SPx)
U.S. BANK N.A.  v. LOURDES VEGA, et al.
MINUTE ORDER of April 20, 2012

§ 1332.  (See Not. of Removal at 1.)  In conjunction with her Notice of Removal, Defendant filed an Application for a Temporary Restraining Order ("TRO Application").  (Doc. No. 4.)

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendant claims removal is proper because the Court has diversity jurisdiction, 28 U.S.C. § 1332.  (See Not. of Removal at 3.)  Upon review of the Complaint and the Notice of Removal, however, the Court finds no basis for diversity jurisdiction in this case.  Defendant does not explain how a case, filed by Plaintiff as one where damages are no more than $10,000, could be valued at $75,000 to meet the statutory requirements for diversity jurisdiction.  See 28 U.S.C. § 1332.

Defendant has not met her burden of establishing that the case is properly in federal court.  Gaus, 980 F.2d at 566.  Accordingly, the Court REMANDS the action to the Superior Court of California for the County of San Bernardino.  As the Court is without jurisdiction over the matter, the Court does not reach Defendant's TRO Application.

   **IT IS SO ORDERED.**